# Caldcleugh *against* Carey.

An insolvent debtor, whose application to be discharged is pending in one county, need not make a second application in another county where he has been arrested and given bond.

ERROR to the District Court for the city and county of *Philadelphia*.

This was an action of debt on an insolvent bond, by Robert A. Caldcleugh against Henry C. Carey and J. M. Sanderson, impleaded with Burd Patterson, who was not served with process. The bond was dated the 2d of October 1841, and was conditioned

[*Caldcleugh* v. Carey.]

for the appearance of Burd Patterson at the next term of the Court of Common Pleas of Philadelphia county, to present his petition and take the benefit of the insolvent laws in the form prescribed by the Act of Assembly. The declaration set out for breaches that the defendant did not comply with the requisitions of the insolvent laws, but failed in obtaining his discharge, and did not surrender himself. The defendants pleaded that Burd Patterson, on the 21st of September 1841, being then a resident of Schuylkill county, and having resided therein six months next preceding, presented his petition to the Court of Common Pleas of that county for the benefit of the insolvent laws, and the usual proceedings were had thereon; that on the 18th of October 1841, being the day of hearing appointed, and notice having been given, the petitioner was discharged on the usual decree, after having assigned his property and effects to trustees for the use of his creditors. To this plea the plaintiff demurred, and the court below rendered judgment for the defendants; which was here assigned for error.

*Hazlehurst*, for plaintiff in error, referred to the Act of 16th June 1836, *Purd.* 551; 4 *Watts* 69; 6 *Watts* 508; 1 *Watts & Serg.* 381; 1 *Saund.* 216; 2 *Ib.* 41, note 1; 3 *Watts & Serg.* 495.

*Ingraham* (with whom was *Mallery*), contra, cited 2 *Ashm.* 433; 4 *Watts & Serg.* 465; 2 *Miles* 437; 9 *Watts* 287; 10 *Watts* 228.

PER CURIAM.—The principle of this case was settled in *M'Clure* v. *Foreman*, (4 *Watts & Serg.* 280), where it was held that one discharge serves for all. In the case at bar, the arrest in the county of the debtor's residence was prior, in point of time, and the discharge from it preferable, in point of effect, to a discharge from an arrest abroad. A second discharge, therefore, would have been nugatory.

Judgment affirmed.